United States District Court
Southern District of Texas
**ENTERED**
February 25, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANDRE GASKIN, SPN #02748394, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-20-197 |
| HARRIS COUNTY, | § § | |
| Defendant. | § § | |

## MEMORANDUM AND ORDER

Plaintiff Andre Gaskin (SPN #02748394), a pretrial detainee currently confined in the Harris County Jail, has filed this civil rights complaint under 42 U.S.C. § 1983 alleging that the Harris County bond system is oppressive. Docket Entry No. 1. Because Gaskin is a prisoner who proceeds *in forma pauperis*, the Court is required to scrutinize the claims and dismiss the Complaint, in whole or in part, if it determines that the Complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B). After considering all of the pleadings, the Court concludes that this case must be dismissed for the reasons explained below.

## I. Background

Gaskin is currently in custody at the Harris County Jail awaiting trial in the 179th Judicial District Court of Harris County on charges for sexual assault of a child aged 14-17 in cause number 1573100 and aggravated assault of a family member causing serious bodily injury with a weapon in cause number 1565629.[1] Gaskin alleges that his bond was originally set for $40,000 for each of the charges, but the bond amount was subsequently raised to $200,000 on each charge. Docket Entry No. 1 at 4. He claims that he has not received a bail reduction in the two years that he has been awaiting trial. Id. He contends that Harris County and the State of Texas are using the bond system as a "tool of oppression" for less fortunate inmates like him to be kept in jail without bail. Id.

Invoking 42 U.S.C. § 1983, Gaskin sues Harris County and the State of Texas for denying him a bond he can afford. Id. He seeks a bail reduction and damages of $18 million, plus treble damages, for a total of $54 million in monetary damages. Id.

---

[1] See Harris County Sheriff's Office Online Public District & County Criminal Records Inquiry, available at https://www.harris countyso.org/JailInfo/HCSO_FindSomeoneInJail.aspx (last visited on Feb. 18, 2020).

## II. Discussion

### A. Claims Against the State of Texas

Gaskin invokes section 1983 in his claim regarding excessive bail against the State of Texas. The State of Texas is not a "person" under section 1983. *See* Will v. Dep't of State Police, 109 S. Ct. 2304, 2308 (1989). Therefore, any claims against the State of Texas must be dismissed for failure to state a claim for which relief may be granted. *See* id.

### B. Claims Against Harris County

Although Gaskin also purports to sue Harris County, "the court, judge, magistrate or officer taking the bail" has the discretion under Texas law to determine the amount of bail required by a criminal defendant. *See* TEX. CODE CRIM. PROC. art. 17.15. The court considers five rules when setting the amount of bond required: (1) the bail should be sufficiently high to give reasonable assurance that the accused will comply; (2) it should not be so high as to be an instrument of oppression; (3) a court should consider the nature of the offense and circumstances under which it was committed; (4) a court should consider the accused's ability to make bail; and (5) the court should consider the future safety of the victim and the community. Id.

Gaskin's pending felony charges are considered "violent offenses" precluding his release on personal bond. *See* TEX. CODE CRIM. PROC. art. 17.032(a)(6)-(8); id. art. 17.032(b)(1). The record in his criminal cases, of which the Court takes judicial notice, reflects that on December 8, 2017, the State filed a motion requesting that bond be denied because Gaskin is charged with sexual assault of a child aged 14-17 and aggravated assault of a family member causing serious bodily injury with a weapon involving the same victim for each charge. *See* State v. Gaskin, Cause Nos. 1573100-CR & 1565629-CR (179th Judicial Dist. Ct., Harris County, Tex., Dec. 8, 2017). The record also reflects that the criminal court consequently raised the bail amount to $200,000 on January 2, 2018. Id.

Gaskin seeks millions in damages in this civil rights suit but does not allege facts showing that he has been denied bail improperly or that any Harris County policy was the moving force of a violation of his federal rights in connection with the setting of his bond amount.[2] Gaskin does not otherwise establish the violation of a federal constitutional or statutory right of the sort that is actionable under 42 U.S.C. § 1983. *See, e.g.,* Bell v. Wolfish, 99 S. Ct. 1861, 1871-73 (1979) (noting that a criminal defendant may be detained prior to trial so long as his confinement

---

[2] Because Gaskin is seeking monetary damages in connection with his bail amount, the Court declines to construe this case, which was filed as a civil rights case, as a petition for a writ of habeas corpus at this time.

does not violate the Due Process Clause); <u>United States v. Salerno</u>, 107 S. Ct. 2095, 2102 (1987) (concluding that pretrial detention, as a general rule, does not constitute punishment before trial in violation of the Due Process Clause). Accordingly, this action must be dismissed for failure to state a claim under § 1983.

### III. ORDER

Based on the foregoing, it is hereby

**ORDERED** that Plaintiff Andre Gaskin's complaint is **DISMISSED** with prejudice for failure to state a claim for which relief may be granted; it is further

**ORDERED** that all pending motions are **DENIED**; and it is

**ORDERED** that this dismissal will count as a "strike" for purposes of 28 U.S.C. § 1915(g).

The Clerk is directed to provide a copy of this Memorandum and Order to the plaintiff and to the Manager of the Three Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov.

**SIGNED** at Houston, Texas, on this 25TH day of February, 2020.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE